NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| AARON ANTHONY GRAY, | : | |
| | : | Civil Action No. 19-16813 (AET-DEA) |
| Plaintiff, | : | |
| | : | |
| v. | : | **MEMORANDUM** |
| | : | |
| CHARLES TRUCILLO, et al, | : | |
| | : | |
| Defendants. | : | |

Plaintiff is proceeding *in forma pauperis* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 1). At this time, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. Having completed this screening, the Court will dismiss the complaint without leave to amend.

1. Plaintiff alleges he was instructed to go to the intake area of the Camden County Jail on April 27, 2019. (ECF No. 1 at 6). He met with two Monmouth County Sheriff's officers. (*Id.*). The officers told Plaintiff he was under arrest on charges out of Red Bank municipality. (*Id.*). Plaintiff states the charges were later dismissed by the grand jury. (*Id.*).

2. He alleges Officer Charles Trucillo "had no probable cause to apply for an arrest warrant with violated my common law and constitutional rights 4 and 14." (*Id.* at 7).

3. He further alleges that Judicial Officer Cathleen Gerber "in light of what was presented to her if she had the facts she would not have granted the warrant either." (*Id.*).

1

4. In determining the sufficiency of a pro se complaint,[1] the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

5. To survive sua sponte screening for failure to state a claim,[2] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

6. Moreover, while *pro se* pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

---

[1] Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915 because Plaintiff is a prisoner proceeding *in forma pauperis*.

[2] "[T]he legal standard for dismissing a complaint for failure to state a claim . . . is identical to the legal standard employed in ruling on 12(b)(6) motions." *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

7. Plaintiff seeks to sue the State of New Jersey. (ECF No. 1 at 5). Under the Eleventh Amendment, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Plaintiff may not bring a suit against New Jersey in federal court unless Congress has expressly abrogated New Jersey's sovereign immunity or the State has consented to being sued in federal court. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Neither exception applies here as there is no indication New Jersey has consented to be sued, nor has Congress abrogated sovereign immunity in enacting § 1983. *See Gromek v. Maenza*, 614 F. App'x 42, 44 (3d Cir. 2015) (citing *Quern v. Jordan*, 440 U.S. 332, 345 (1979)). Therefore, the claims against the State of New Jersey are dismissed with prejudice.

8. Ms. Gerber is likewise immune from suit. Plaintiff identifies her as the "judicial magistrate" who granted the arrest warrant. "[Q]uasi-judicial immunity may extend to professionals who assist courts in their judicial function." *Alfred v. New Jersey*, No. 13-0332, 2013 WL 4675536, at *8 (D.N.J. Aug. 29, 2013) (citing *Hughes v. Long*, 242 F.3d 121 (3d Cir. 2001)); *see also Davis v. Phila. Cty.*, 195 F. Supp. 2d 686, 688 (E.D. Pa. 2002) ("[J]udicial or quasi-judicial immunity applies to court staff who are acting in their official capacities."). "[T]he 'touchstone' for the applicability of the doctrine of judicial immunity is 'the performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights.'" *Ingram v. Twp. of Deptford*, 858 F. Supp. 2d 386, 390–91 (D.N.J. 2012) (quoting *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435-36 (1993)).

9. Here, Plaintiff alleges Ms. Gerber "[g]ranted an arrest warrant on false information by an officer without probable cause . . . ." (ECF No. 1 at 4). Under New Jersey

3

law, "[a]n administrator or deputy administrator of a municipal court, authorized by a judge of that court, may exercise the power of the municipal court to administer oaths for complaints filed with the municipal court and to issue warrants and summonses." N.J.S.A. § 2B:12-21(a). This delegation of judicial authority in performing a quintessential judicial function makes Ms. Gerber immune from suit. *See Sewell v. Bowman*, No. 1:15-CV-1849, 2015 WL 5997056, at *4 (M.D. Pa. Oct. 14, 2015); *Ingram*, 858 F. Supp. 2d at 390. The complaint is dismissed with prejudice as to Ms. Gerber.

10. The remainder of Plaintiff's complaint is dismissed without prejudice for failing to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). His allegations of false arrest,[3] false imprisonment, and malicious prosecution[4] simply parrot the elements of the causes of action without providing any facts that would enable this Court to determine that there is a plausible basis for liability.[5] *See Iqbal*, 556 U.S. at 678 ("[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'").

---

[3]"To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes–Barre*, 700 F.3d 675, 680 (3d Cir. 2012). "[W]here the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." *O'Connor v. City of Phila.*, 233 F. App'x 161, 164 (3d Cir. 2007) (internal quotation marks and citation omitted).

[4] Plaintiff must set forth facts indicating that the defendants maliciously initiated criminal proceedings without probable cause for a malicious purpose "or for a purpose other than bringing the plaintiff to justice . . . ." *Woodyard v. Cty. of Essex*, 514 F. App'x 177, 182 (3d Cir. 2013) (citing *McKenna v. City of Phila.*, 582 F.3d 447, 461 (3d Cir. 2009)). The criminal proceedings must also terminate in Plaintiff's favor. The Court presumes for screening purposes only that Plaintiff meets this factor as he alleges that the grand jury dismissed the charges against him. (ECF No. 1 at 6).

[5] "Where the alleged Fourth Amendment violation involves a search or seizure pursuant to a warrant, the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner or, as we have sometimes put it, in 'objective good faith.'" *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012) (quoting *United States v. Leon*, 468 U.S. 897, 922-23 (1984)). An exception exists when "the warrant was 'based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence

11. Moreover, to hold a municipality liable under § 1983, as Plaintiff seeks to hold Red Bank liable, a plaintiff must show that either (1) the constitutional violations of government employees were the result of a policy or custom of the municipality for whom the employee works, *Thomas v. Cumberland Cty.*, 749 F.3d 217, 222 (3d Cir. 2014) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978)); or alternatively, (2) the municipality failed to adequately train or supervise the employees that ultimately violated the constitution, *Padilla v. Twp. of Cherry Hill*, 110 F. App'x 272, 278–79 (3d Cir. 2004). "It is well-established that there is no general municipal respondeat superior liability under 42 U.S.C. § 1983." *Ali v. Rando*, 2011 U.S. Dist. LEXIS 109618, at *26 (D.N.J. Sept. 26, 2011) (citing *McMillian v. Monroe Cty.*, 520 U.S. 781, 784 (1997); *Monell*, 436 U.S. at 691).

12. Plaintiff alleges Red Bank failed to train its officers. Where a claim is based on a failure to train or supervise, a plaintiff must demonstrate both "deliberate indifference to the rights of persons with whom those employees will come into contact" as well as a "causal nexus" between the failure to train and the constitutional injury. *Thomas*, 749 F.3d at 222 (internal quotations omitted) (citing *Carter v. City of Phila.*, 181 F.3d 339, 357 (3d Cir. 1999); *City of Canton v. Harris*, 489 U.S. 378, 391 (1989)). A finding of deliberate indifference necessitates that the constitutional violation be a "highly predictable consequence" of the failure to train, which arises where a pattern of similar violations has occurred in the past or where the need for training is "obvious." *Id.* at 223, 225 (citing *Connick v. Thompson*, 563 U.S. 51, 62, 64 (2011); *Canton*, 489 U.S. at 390 n.10). "This requires a showing of the policymakers' 'continued adherence to an approach that they know or should know has failed to prevent tortious conduct by employees.'" *Robinson v. Fair Acres Geriatric Ctr.*, 722 F. App'x 194, 199 (3d Cir. 2018)

---

entirely unreasonable.'" *Id.* at 547 (quoting *Leon*, 468 U.S. at 923). "[T]he threshold for establishing this exception is a high one[.]" *Ibid.*

(quoting *Bd. of the Cty. Comm'rs v. Brown*, 520 U.S. 397, 407 (1997)). Plaintiff alleges no such facts in his complaint.

13. Because Plaintiff has failed to state a claim in his complaint, the Court will dismiss the complaint without prejudice. Plaintiff may move for leave to amend within 30 days. Any motion to amend must be accompanied by a proposed amended complaint that contains specific facts supporting Plaintiff's claims.

14. Plaintiff should note that when an amended complaint is filed, the complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). The amended complaint may adopt some or all of the allegations in the complaint, but the identification of the particular allegations to be adopted must be clear and explicit. (*Id.*). To avoid confusion, the safer course is to file an amended complaint that is complete in itself. (*Id.*).

15. Failure to submit a motion to amend within the timeframe set by the Court will convert the dismissal without prejudice into a dismissal with prejudice without further action by this Court.

16. An appropriate order follows.

4/23/19
DATE

ANNE E. THOMPSON
United States District Judge